**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RETAILER WEB SERVICES, LLC, AYR1, INC., and EVOLUTION VERTICAL LLC,   )<br>)<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>TAILBASE, INC.,   )<br>)<br>Defendant.   )<br>)<br>_____ ) | Case Number: 3:16-CV-156<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Retailer Web Services, LLC is one of the most successful website developers for the U.S. retail market, and provides its clients with content that it has spent thousands of hours developing and perfecting. But rather than invest time and resources into developing its own content, Defendant Tailbase, Inc. ("Tailbase") took a shortcut by copying RWS's website content to use on its clients' sites. By wholesale copying RWS's content, Tailbase was able to undercut RWS's prices and meet deadlines it otherwise would not have been able to meet. It accordingly did not have to expend those resources itself; Tailbase just rode off of RWS's hard work. Tailbase's copying constitutes copyright infringement, unfair competition under federal law, and unfair competition under Texas common law.

### PARTIES

1.      Plaintiff Retailer Web Services, LLC ("Retailer Web Services") is an Arizona limited liability corporation with a principal place of business at 3219 E Camelback Rd., Ste. 279, Phoenix, Arizona 85018.

2.      Plaintiff AYR1, Inc. ("All Your Retail") is a Delaware corporation with a

1

principal place of business at 3219 E Camelback Rd., Ste. 279, Phoenix, Arizona 85018.

3.     Plaintiff Evolution Vertical LLC ("Evolution") is a Delaware limited liability corporation with a principal place of business at 3219 E Camelback Rd., Ste. 279, Phoenix, Arizona 85018.  It is owned equally by co-plaintiffs Retailer Web Services, LLC and All Your Retail LLC (all Plaintiffs collectively "RWS").

4.     Upon information and belief, Defendant Tailbase, Inc. is a Canadian corporation with a principal place of business at 4650 Boulevard des Laurentides #350, Laval, QC H7K 2J4, Canada.

## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction over RWS's claims because they arise under the Copyright Act, 17 U.S.C. §101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and because the parties are completely diverse and the amount in controversy exceeds $75,000. Federal subject matter jurisdiction is therefore conferred by 28 U.S.C. §§ 1331, 1332, and 1338.

6.     This Court has supplemental jurisdiction over the Parties' state law claims in this Complaint, which arise under the statutory and common law of the State of Texas, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.     Venue and personal jurisdiction are proper in the Northern District of Texas under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims herein occurred here in this District, Defendant is doing business in this District, and Defendant has promoted infringing goods and services in this District.

8.     This Court has personal jurisdiction over Defendant because it has continuous and systematic contacts with the state of Texas, and because it has purposefully directed its activities

toward the state of Texas, causing harm suffered in the state of Texas, does business in this

District, and because this action is based upon activities that arise out of or relate to those

contacts.

## FACTUAL BACKGROUND

9.      Retailer Web Services and All Your Retail create software and develop websites

for independent retailers selling appliances, consumer electronics, furniture, mattresses,

plumbing & hardware, and lawn & garden.

10.     In less than a decade, Retailer Web Services has grown from a few employees to a

multi-million dollar company that is the leading provider of website development and inventory

management software for the retail industry.

11.     Retailer Web Services has become a trusted name in the independent retailer

industry, and is synonymous with high-quality, unique, and effective software and websites.  It

has built a loyal customer base due to the quality of its software and websites and has developed

significant goodwill.

12.     It has one of a kind products, such as WebFronts$^{TM}$, an advanced content

management system, and RetailDeck$^{TM}$, a product management system that are at the forefront

of the field.  Retailer Web Services has operated in commerce under its name since at least 2006.

13.     RWS has invested substantial effort and expense in maintaining and expanding its

content and rights in the Retailer Web Services mark, and has used those rights nationwide,

including in Texas.

14.     Evolution is the true, rightful, and sole owner of all copyrights and trademarks at

issue in this action, including the copyrights listed below, and the Retailer Web Services mark,

except as otherwise noted.  Retailer Web Services and All Your Retail are the exclusive licensees

of all of the copyrights at issue, and Retailer Web Services is the exclusive licensee to its name.

15.     RWS's copyrights have applications for registration filed with the United States Copyright Office.

16.     RWS owns the following copyrights, among many others:

| Copyright Application No. | Name |
|---|---|
| 1-2677182683 | About Us |
| 1-2676811600 | Frequently Asked Questions |
| 1-2676811522 | Store Policies and Conditions of Use |
| 1-2676674552 | About Us |
| 1-2676674288 | Frequently Asked Questions |
| 1-2676673889 | Store Policies and Conditions of Use |
| 1-2677182881 | Store Policies and Conditions of Use (modernappliancewoodward.com) |
| 1-2677182834 | Store Policies and Conditions of Use (gandhappliance.com) |
| 1-2677182787 | Store Policies and Conditions of Use (curtos.com) |
| 1-2677182740 | Store Policies and Conditions of Use (cbjoe.com) |

Exh. A.

17.     RWS has invested substantial time and resources into developing its copyrighted material and methods for optimizing websites for maximum efficiency and effectiveness for its clients.

**DEFENDANT TAILBASE'S MISCONDUCT**

18.     Defendant Tailbase directly competes with RWS for providing website

development to retailers.

19.     In an effort to deliver its product to its customers faster, and to undercut RWS's prices and provide a cheaper product, Tailbase chose to copy RWS's copyrighted website material, rather than invest its own time and resources into developing it.

20.     RWS has identified at least thirty-five different occasions where Tailbase directly copied its copyrighted materials.

21.     Upon information and belief, Tailbase actively seeks out RWS clients and then, because it has lower expenses due to not having to create its own intellectual property, undercuts RWS and steals the client.

22.     When it copied RWS's content, Tailbase on many occasions did not even bother to remove the references to "Retailer Web Services" from the content before pasting it into its webpages.  *See, e.g.* Exh. B & Exh. C.  Indeed, much of the content it copied still has "Retailer Web Services LLC" in its body.  Other times, Tailbase copied a whole webpage's content, but just erased "Retailer Web Services LLC's" name and replaced it with its own name.

23.     On at least several occasions, Tailbase even copied the portions that said that "Retailer Web Services LLC" owns the intellectual property to the content it copied.  For example, Tailbase set up a website for Appliance Enterprise Inc.  But rather than creating a new site and developing its own content, Tailbase copied RWS's content and pasted it into the new page.  Tailbase did not even edit the information to remove RWS's name.  For instance, it states: "Any dispute relating in any way to your visit to Appliance Enterprise Inc.…to the extent you have in any manner violated or threatened to violate Appliance Enterprise's or ***Retailer Web Services LLC's*** intellectual property rights…"  Exh. B (emphasis added).

24.     Further down that page, Tailbase again copied RWS's content and used its name:

"All software used on this site is the property of *Retailer Web Services LLC*…"  *Id.* (emphasis added).  But at the bottom of the page, it states that the page is "powered and designed by Tailbase."

25.    Likewise, Tailbase also used RWS's content and mark when it generated a webpage for Modern Appliance & TVs.  Again, it wholesale copied RWS's content and did not even bother to remove the "Retailer Web Services" name.  The first sentence even reads: "Modern Appliance grants you a limited license to access and make personal use of this site and not to download…except with express written consent of Modern Appliance and *Retailer Web Services LLC*."  Exh. C (emphasis added).

26.    Tailbase further chose to copy and paste RWS's content rather than create its own when it put together a "policies" page for CB Joe TV & Appliance.  Exh. D.  It also copied RWS's content for G & H Appliance, including the "security," "FAQ," and "policies" pages, and also copied RWS's name.  Exh. E.  Similarly, Tailbase used RWS's content for Curto's Appliances, Herald's Appliances & Electronics, Manly's furniture & Appliance, Sleeping Giant, and Appliance Gallery websites as well.  Exh. F.  Indeed, RWS has recorded at least thirty-five clients where Tailbase just copied RWS's content.

27.    Additionally, Defendant chose to copy RWS's Search Engine Optimization ("SEO") terms when it created websites for companies like The Mattress Outlet and Manly's Furniture and Appliances.  *See* Exh. G & H.

28.    Because Defendant was in the same field as RWS and worked with former RWS clients, Defendant was aware that RWS used its name in connection with software and websites geared toward independent retailers.  Defendant further had knowledge that RWS owned the copyrighted material, and copied it willfully.

29.     Defendant's use of RWS's content and mark is identical to RWS's use, is in the same channels of trade, is directed toward the same consumers that hire RWS, and in many cases, are former RWS clients, so it is likely to cause consumer confusion about the origin of the content.

30.     Defendant's actions have resulted in, and will continue to result in, substantial and irreparable harm to RWS and consumers.

31.     RWS has repeatedly requested that Tailbase remove RWS's copyrighted content and marks from the infringing websites.  Exh. I.

32.     But Defendants have rejected all of RWS's reasonable requests to settle the matter amicably, so RWS was forced to file the instant suit.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

33.     RWS incorporates the allegations from the preceding paragraphs as if fully set forth herein.

34.     RWS is the true, rightful, and sole owner of the copyrights in its website materials, including the copyrights listed in ¶ 16.

35.     RWS has applied for copyright registrations with the United States Copyright Office.

36.     By its actions alleged above, Tailbase has infringed and will continue to infringe RWS's copyrights by willfully reproducing and distributing into the market infringing products with knowledge that they are either direct copies or derivatives of RWS's copyrighted website content.

37.     Tailbase copied copyrighted content without authority for at least the following websites:  CB Joe TV & Appliance ("policies"); G & H Appliance ("security," "FAQ," and

policies"); Appliance Enterprise; Modern Appliance & TVs; Curto's Appliances; Herald's

Appliances & Electronics; Sleeping Giant; Appliance Gallery; Manly's Furniture and

Appliances; and, The Mattress Outlet.

38.     Tailbase's acts of copyright infringement have caused and will continue to cause

damage to RWS, in an amount to be proved at trial.

39.     RWS is additionally entitled to statutory and enhanced damages, attorneys' fees,

costs, and injunctive relief.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

40.     Tailbase incorporates the allegations from the preceding paragraphs as if fully set

forth herein.

41.     Tailbase copied RWS's content verbatim, which included the "Retailer Web

Services" name, in the websites it developed for former RWS client websites.  Defendant's use

of Retailer Web Services name is identical to RWS's use and is likely to cause confusion,

deception, or mistake by creating the false and misleading impression that Tailbase is affiliated,

connected, or associated with RWS, or have the sponsorship, endorsement, or approval of RWS.

Tailbase's use of RWS content and the "Retailer Web Services" name are false representations,

false descriptions, and false designations of the origin of its goods in interstate commerce in

violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by

this Court, will continue to cause a likelihood of confusion and deception of members of the

public.

42.     Tailbase copied RWS's content verbatim, which included the "Retailer Web

Services" name, on at least the following websites:  CB Joe TV & Appliance; G & H Appliance;

Appliance Enterprise; Modern Appliance & TVs; Herald's Appliances & Electronics; Appliance

Gallery; and, Manly's Furniture and Appliances.

43.     RWS is entitled to injunctive relief, and to recover Tailbase's profits, actual

damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15

U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III
## UNFAIR COMPETITION UNDER TEXAS COMMON LAW

44.     RWS incorporates the allegations from the preceding paragraphs as if fully set

forth herein.

45.     RWS has invested substantial time and resources into developing its copyrighted

material and methods for optimizing websites for maximum efficiency and effectiveness for its

clients.

46.     Tailbase copied and used RWS's content, which included the "Retailer Web

Services" name, in websites it developed.  Defendant's use is identical to RWS's use.

47.     Tailbase directly competes with RWS in developing websites for retailers. Upon

information and belief, Tailbase frequently targets current RWS clients.

48.     Tailbase is able to provide website development cheaper and faster than RWS

because Tailbase did not have to expend the time or resources incurred by RWS in developing its

products.

49.     Tailbase copied RWS's content and mark on numerous occasions and used it in

commerce on at least the following websites:  CB Joe TV & Appliance; G & H Appliance;

Appliance Enterprise; Modern Appliance & TVs; Herald's Appliances & Electronics; Appliance

Gallery; and, Manly's Furniture and Appliances.

50.     Tailbase's uses of RWS's content and the "Retailer Web Services" name are false

representations, false descriptions, and false designations of the origin of its goods, and

Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a

likelihood of confusion and deception of members of the public.

51.     Tailbase's acts have caused and will continue to cause damage to RWS, in an

amount to be proved at trial.

52.     RWS is entitled to injunctive relief, and to recover Tailbase's profits, actual

damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs RWS respectfully request that this Court:

1.     Enter judgment in favor of RWS on each of its claims;

2.     Award RWS its actual damages against Defendant to be determined at trial;

3.     Award RWS Defendant's profits from its aforementioned activities;

4.     Award RWS statutory damages against Defendant;

5.     Award RWS punitive damages against Defendant;

6.     Award RWS all of its costs and reasonable attorneys' fees in this action as

authorized by 15 U.S.C. § 1117, 17 U.S.C. § 505 and other applicable laws;

7.     Awarding pre- and post-judgment interest at the maximum legal rate and costs;

8.     Award RWS an accounting for damages and for all the profits together with those

profits lost by RWS due to the actions of Defendant claimed herein for Defendant's acts of

copyright infringement, Lanham Act infringement, unfair competition, and violations of the

common law of the State of Texas;

9.     Preliminarily and permanently enjoin Defendant and its predecessors, successors,

divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated

companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, those acting in privity or concert with them, or on their behalf, from:

      a.      Continuing to use, in any manner whatsoever, the Retailer Web Services or any confusingly similar marks, including phonetic equivalents to sell website design;

      b.      Displaying, copying, distributing, promoting, offering, disseminating, or selling RWS's copyrighted materials or any modification, derivation, or reproduction thereof;

      c.      Making in any manner whatsoever, any statement, indication, suggestion or representation, or performing any act likely to lead the public or individual members of the public to believe that Defendant, or any goods or services associated with Defendant, are directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by RWS or anyone associated with RWS;

      d.      Representing that Defendant has any rights to RWS's copyrights, including ownership, license, or any other right;

      e.      Doing and engaging in any of the acts described above and directing Defendant to conform with each and every provision of this prayer for relief; and

      10.      Grant to RWS such other relief as may be just and warranted under the circumstances.

## JURY DEMAND

Plaintiffs RWS hereby demand a jury trial on all issues so triable.

Dated:  January 19, 2016

Respectfully submitted,

By:__/s Anthony M. Garza_____
Adam Wolek (Admission pending)
Brian Noack (Admission pending)
WOLEK & NOACK
233 S Wacker Dr., 21st Floor
Chicago, Illinois 60606
P 312.860.9006
F 708.843.0509
adamw@wonoip.com
briann@wonoip.com

Anthony M. Garza
Texas Bar No. 24050644
Steven C. Callahan
Texas Bar No. 24053122
CHARHON CALLAHAN
ROBSON & GARZA PLLC
3333 Lee Pkwy, Ste. 460
Dallas, Texas 75219
P 214.521.6400
F 214.764.8392
agarza@ccrglaw.com

*Attorneys for Plaintiffs Retailer Web Services,*
*LLC, AYR1, Inc., and Evolution Vertical LLC*